GEORGE H. HUNTER *vs.* JOSEPH B. PEAKS and another.

Somerset.    Opinion February 8, 1883.

*Action upon an officer's receipt.    Damages.*

In an action upon a receipt to an officer for property attached on a writ in which the receiptors promised to pay ninety dollars or redeliver the property on demand, or if no demand is made within thirty days after judgment is rendered, *Held;*

1. That the fact that the officer attached property greater in value than he was directed to in the writ is no defense.

2. The fact that the name of the defendant in the suit in which property was attached, was stated in the receipt to be C. Wood, when his true name was Robert C. Wood and was so stated in the writ, constituted no defense.

3. The fact that one of the receiptors supposed the suit was against Robert C. Wood, the son, when it was really against Robert C. Wood, the father, constituted no defense,— and an amendment of the writ by leave of court, adding the word "senior" to the defendant's name, would not discharge the receiptors.

4. The fact that no demand was made upon the receiptors would not discharge them, and no demand was necessary before bringing the suit.

5. The measure of damages was the amount stated in the receipt,— ninety dollars.

ON REPORT.

Assumpsit upon a receipt given by the defendants to the plaintiff, a deputy sheriff, for property attached by him. Plea, general issue and brief statement denying that any judgment had been rendered.

(Receipt.)

"Somerset, ss.—December 4th, A. D. 1875.

"For value received we promise to pay George H. Hunter, deputy sheriff of the county of Somerset, or his order, ninety dollars on demand; or to redeliver the goods and chattels following, viz.—

"One box of leaf tobacco valued at two hundred dollars, and four boxes of cigars valued at twenty-four dollars, and four boxes cigars valued at sixteen dollars.

"The above property being the same the said officer has taken by virtue of a writ in favor of Gideon A. Philbrick of Pittsfield in the county of Somerset, and against C. Wood of said Pittsfield in the county of Somerset, and we hereby agree safely to keep and on demand to redeliver all the goods and chattels above described to the said officer or to his successor in office, at Pittsfield in said county, in like good order and condition as the same are now in, free from expense to the above named officer, or to the creditor aforesaid, and I further agree that if no demand be made I will within thirty days from rendition of judgement in said action redeliver all the above described property as aforesaid at the place above named and forthwith notify said officer of said delivery.          Joseph B. Peaks.
                                                             David Winslow."

Other facts stated in the opinion.

*D. D. Stewart*, for the plaintiff, cited: *Bruce* v. *Holden*, 21 Pick. 187; *Kincaid* v. *Howe*, 10 Mass. 203; *Cobb* v. *Lucas*, 15 Pick. 9; *Com.* v. *Parmenter*, 101 Mass. 211; *Colton* v. *Stanwood*, 67 Maine, 26; *Bangs* v. *Beacham*, 68 Maine, 425; *Hodskin* v. *Cox*, 7 Cush. 471; *Low* v. *Dunham*, 61 Maine, 566.

The only serious question in the case is the amount of damages. We claim the value of the goods attached,—one hundred forty-five dollars and seventy-six cents. The defendants

agreed to redeliver the goods within thirty days after judgment. They did not do so and we are entitled to our actual damage. "The amount which would have been received if the contract had been kept." *Hadley* v. *Buxendale*, 9 Exch. 354.

*Joseph B. Peaks* and *S. S. Brown*, for the defendants.

The attachment was dissolved by the receipt. *Waterman* v. *Treat*, 49 Maine, 309 ; *Stanley* v. *Drinkwater*, 43 Maine, 468 ; *Weston* v. *Dorr*, 25 Maine, 176.

The receipt for property attached on a writ against " C. Wood" incurs no liability until the rendition of a judgment against " C. Wood." Certainly not if the judgment is against *Robert C. Wood*. An attachment of real estate would be invalid where there was such an error in the name. *Dutton* v. *Simmons*, 65 Maine, 583 ; see *Com.* v. *Hall*, 3 Pick. 262 ; *Com.* v. *Shearman*, 11 Cush. 546 ; *Com.* v. *McAvoy*, 16 Gray, 235 ; *State* v. *Homer*, 40 Maine, 438 ; *State* v. *Dresser*, 54 Maine, 569 ; *Shaw* v. *O'Brion*, 69 Maine, 501.

The officer was a trespasser *ab initio* because he attached two hundred and forty dollars worth of property when he was commanded to attach but ninety dollars — the attachment was therefore void — hence there was no liability on the writ. *Harmon* v. *Moore*, 59 Maine, 428.

Counsel elaborately argued that the mistake of the receiptors as to the identity of the defendant in that action discharged them.

A demand should have been made before suit was brought. *Gilmore* v. *McNeil*, 45 Maine 599 ; 112 Mass. 254 ; 121 Mass. 449.

Again, this case is before the law court on report for such judgment as the legal rights of the parties require. And the report does not disclose a particle of evidence to show that the execution was ever in the hands of an officer competent to serve it, or any officer. And there was not any such evidence in the case. Yet that was necessary, and should have been shown to entitle plaintiff to recover. 33 Maine, 297 ; 46 Maine, 533 ; 61 Maine, 568 ; 21 Pick. 318 ; 7 Cush. 471 ; 12 Met. 527 ; 112 Mass. 254 ; 121 Mass. 449.

If the defendants are liable at all in this action it will be only for ninety dollars, the sum named in the receipt.

WALTON, J.   This is an action upon a receipt given to an officer for property attached on a writ.   The defendants agreed to pay ninety dollars or redeliver the property.   They have done neither.   *Prima facie* the plaintiff is entitled to recover. Is there anything shown in defense why he should not recover? We think not.

The fact that the officer attached property greater in value than he was directed to attach in the writ is no defense.   *Merrill* v. *Curtis*, 18 Maine, 272.

The fact that the name of the defendant in the suit in which the property was attached is stated in the receipt to be C. Wood, when it was in fact Robert C. Wood, and was so stated in the writ, constitutes no defense.   The error was made by one of the receiptors, who, being a lawyer, was allowed to write the receipt. He examined the writ before writing the receipt, and if he did not copy the name of the defendant correctly, it was his fault and not the fault of the officer.   But we regard the error as wholly immaterial, by whomsoever made.   It in no way increased or injuriously affected the liability of the receiptors. Enough remained to leave no doubt of the identity of the suit and of the property attached.   The error therefore was entirely harmless.

Nor does the fact that one of the receiptors (Mr. Peaks) supposed the suit was against Robert C. Wood, the son, when it was in fact against Robert C. Wood, the father, constitute a defense.   We are satisfied that the officer neither said nor did any thing to lead Mr. Peaks into such an error, and no reason is perceived why such a misunderstanding on the part of Mr. Peaks should defeat the security of the officer, when the officer was in no way responsible for it.   Nor would an amendment of the writ by adding the word " senior " to the defendant's name, if made by leave of court (and it could not properly be made without the leave of court), discharge the receiptors.   It did not increase or change their liability.   It only put into the record what

was before true, namely, that the suit was against the father and not against the son. Such an amendment would not discharge the attachment.

Nor would the want of a demand discharge the receiptors. True, they had agreed to redeliver the property on demand. But it is also true that they had agreed that if no demand should be made they would within thirty days of the time when judgment should be rendered in the suit in which the property was attached, redeliver it without a demand. And it is now settled law that when such a receipt is given, the receiptors will be liable, although no demand is made. And it is also settled that the receiptors must ascertain at their peril when judgment in the suit is rendered; that it is no part of the duty of the officer to inform them. It is not therefore necessary to determine whether the officer's return upon the execution is or is not competent evidence of a demand. The receiptors are liable without a demand. *Shaw* v. *Laughton*, 20 Maine, 266; *Low* v. *Dunham*, 61 Maine, 566.

The only remaining question is the amount to be recovered. The defendants agreed to pay ninety dollars or redeliver the property. Not having redelivered the property within the time agreed upon, they became immediately liable to pay the ninety dollars. We think the plaintiff is entitled to recover that sum and interest from the date of the writ, and no more. No demand was necessary before bringing the suit. When money is payable on demand, the commencement of the suit is a sufficient demand.

> *Judgment for plaintiff for ninety dollars damages, and interest thereon from the date of the writ.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.